# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT McCARTY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 3261 |
| | ) | |
| v. | ) | Magistrate Judge Cole |
| | ) | |
| MENARDS, a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

The plaintiff has filed objections to certain costs the defendant is seeking under 28 U.S.C. $1920, styling the filing, "Motion for Disallowance of Certain Costs." [Dkt. #82]. The plaintiff wants the court to disallow printing costs for medical records (Exs. 3-9), the deposition transcript of Kevin Bender (Ex. 15), and transcripts of court hearings from October 25, 2017, December 5, 2017, and January 3, 2018. (Exs. 20-22). The plaintiff also asks that the printing costs for provision of defendant's office manual to plaintiff and a $25.00 payment to a Gerald Haley be disallowed.

The plaintiff cites no case law in support of his motion or objections. That almost always means that a party's arguments are waived and need not be considered. *See Tobey v. Chibucos*, 890 F.3d 634, 652 (7th Cir. 2018); *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 n. 4 (7th Cir. 2018); *United States v. Parkhurst*, 865 F.3d 509, 524 (7th Cir. 2017). The oversight in this instance has also cost the plaintiff an opportunity to become familiar with the law as to allowable costs. Again and again, plaintiff complains that defendant did not use exhibits such as the medical records or the deposition transcript or hearing transcripts or hearing transcripts in its motion for summary judgment. But that's not the law.

"There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.,* 411 F.3d 854, 864 (7th Cir.2005). In *National Organization of Women, Inc. v. Scheidler*, 750 F.3d 696 (7th Cir. 2014), the Seventh Circuit held that a prevailing party need not make a "document-by-document demonstration of necessity" to support its bill of costs. *Id.* at 698. Rather, § 1920 "requir[es] no more than that the transcripts or copies be reasonably and prudently obtained—which depends on how things seemed when the expenditures were made, without the benefit of hindsight." *Id.* at 699. A party need not "go through the record to demonstrate why each transcript, and perhaps even each copy of any document, was necessary. That would be preposterous.... Having a lawyer devote the time necessary to demonstrate the necessity of each transcript and every copy of a document would be far more costly than the copying itself." *Id.* at 698. Moreover, there is ordinarily an inherent incentive for parties to keep costs down to what is reasonably necessary. If a dispute makes it to court – especially one that, once there, is too contentious to settle – the outcome is uncertain. That may not have worked as well as usual in this case, as the plaintiff did eschew an opportunity to economize by demanding everything be printed instead of produced in digital format. [Dkt. # 77-24]

Significantly, despite plaintiff's objections, the law is clear that "[t]he introduction of a deposition in a summary judgment motion or at trial is not a prerequisite for finding that it was necessary to take that deposition. The proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." *Cengr v. Fusibond Piping Sys., Inc.,* 135 F.3d 445, 455 (7th Cir.1998) (citations omitted); *see also Mother & Father v. Cassidy*, 338 F.3d 704, 712 (7th Cir. 2003). Obviously, at the time obtained, there was no way to know that plaintiff's medical records would not be an issue, especially as to

damages. Plaintiff's hindsight is not the gauge of necessity. The same goes for the testimony of Mr. Bender, whose deposition the plaintiff noticed [Dkt. #30] and the transcript of which the plaintiff referenced in his prolix, 30-page response to defendant's statement of facts. [Dkt. # 62]. It's unclear why plaintiff would not expect his opponent to need a transcript of that. It goes as well for the office manual, which the plaintiff demanded be produced. [Dkt. #42]. And it goes as well for the three discovery hearing transcripts which included multiple rulings in open court indicating what materials were necessary to be produced, mostly at plaintiff's request. [Dkt. ##33, 35, 42, 47, 50, 51].

All that being said, the court cannot discern what the $25 payment to Gerald Haley was for. [Dkt. ##77-1, 77-10]. That one item will be disallowed. The clerk shall, therefore, tax costs against the plaintiff in the amount of $6060.15.

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 9/20/18